## TOWN OF DERBY v. TOWN OF BARRE.

### Pauper. Pleading.

A complaint of the overseer for the removal of a pauper stated "that Nancy Webb and her family, to wit., Sarah A. Webb, her daughter, have come to reside," &c. The order, after stating among other things "that the said Nancy Webb and Sarah A. Webb, her daughter, have come to reside in the town of Derby," &c., and become chargeable, &c., and that their legal settlement is in Barre, proceeded as follows, "wherefore said court do order and direct that the said Nancy Webb and Sarah A. Webb, her daughter, do remove with their effects to the town of Barre," &c. *Held*, that the order was properly quashed on the ground that it was not therein stated that the daughter named was a minor, or that she was of the family of the mother; that from what appears upon the record it is to be taken that the settlement of each is independent of the other, and that no such family relation existed between them as is necessary to justify the removal of both under one and the same order,—PECK, J., dissenting.

THIS was an appeal from an order of removal. The defendant filed a motion to quash the order. The plaintiff moved for leave to have the officer amend his return on the order, but the court refused to grant leave on the ground that the same could not be legally amended,—to which refusal the plaintiff excepted. The court, at the Orleans county, June Term, 1865, POLAND, Ch. J , presiding, *pro forma*, sustained the motion to quash. To this decision the plaintiff excepted.

*Edwards & Dickerman*, for the plaintiff, maintained that it is not necessary that it should appear from the record that the daughter was under the age of majority. This is a question *dehors* the record. The order may be good as to one and not as to the other, and therefore not liable to be quashed on that ground. *Newbury* v. *Brunswick*, 2 Vt. 151. But the court will intend that the daughter was a minor. *Burlington* v. *Essex*, 19 Vt. 91.

*J. M. Prentiss*, for the defendant.

The order is bad in itself, for 1st, the *complaint* is against Nancy Webb and her family only. The *warrant* commands the arrest of her and Sarah A. Webb, and goes for the examination of both. The *order* is against both, for the removal of each by herself, or the officer, with the "effects" of each, and not for the removal of Nancy Webb "with her family," &c. The warrant and order go on the

Derby. *v.* Barre.

ground that both paupers had attained the age of majority. It was bad as to Sarah Webb (for she was not complained of, and a pauper cannot be ordered removed but on complaint,) and therefore cannot be in any part sustained. G. S. p. 134, § 4, and p. 757, form 38. 2d. It is bad because it is for the removal of two persons, both of whom had apparently attained the age of majority, and were neither husband or wife of the other.

The opinion of the court was delivered by

PECK, J. The questions in this case arise upon a motion to quash the order of removal. The county court *pro forma* quashed the order.

One ground relied on by the counsel for the defendant is an alleged defect in the order. This cause as alleged in the motion is, that " the order is for the removal of two persons who, in so far as appears, when said order was made, had severally attained the age of majority, and were neither of them the husband or wife of the other, and therefore cannot be joined in the same order of removal." The argument of the defendant's counsel is that it does not appear by the order that any such relation existed between Nancy Webb and Sarah A. Webb, her daughter, as rendered it proper for them both to be removed under one order.

The complaint of the overseer is "that Nancy Webb and her family, to wit: Sarah A. Webb, her daughter, have come to reside in said town of Derby," &c. The order, after stating among other things, "that the said Nancy Webb and Sarah A. Webb, her daughter, have come to reside in the town of Derby," &c., and become chargeable, &c., and that their legal settlement is in Barre, proceeds as follows : "wherefore said court do order and direct that the said Nancy Webb and Sarah A. Webb, her daughter, do remove with their effects to said town of Barre," &c. It is objected that as it is not stated in the order that the daughter named was a minor, or that she was of the family of the mother, that it is to be taken that the settlement of each is independent of the other, and that no such family relation existed between them as is necessary to justify the removal of both under one and the same order. The majority of the court are of this opinion, and think the order ought to be quashed on this ground.

My opinion is that from what appears upon the record we ought to intend the contrary, and hold the order good on the face of it, and that if the defendant claims that the facts are' such as to render it improper to embrace both in the same order, the defendant ought to present this defence in such form as will give the plaintiff an opportunity to meet it by proof. I think the liberal intendment the court made in favor of the order in *Burlington* v. *Essex*, 19 Vt. 91, will warrant us in holding the order valid, (especially as we are referred to no authority decisive the other way,) although that case is not necessarily decisive of this.

Several other grounds for quashing the order are relied on, but as the one above alluded to is held fatal to the order, it is unnecessary to notice them.

Judgment affirmed.