## TOWN OF DANVILLE v. TOWN OF PEACHAM.

### *Pauper.   Removal.*

Where an order of removal recites that it was made upon a complaint against Wealthy
Goodall, former wife of Samuel Shepherd, late of Peacham, deceased, and Ivory H.
Goodall, Jr., child of said Wealthy, etc., and, after stating that "said Wealthy and
Ivory H. Goodall, Jr., have come to reside," etc., it proceeds: "Therefore the said
court do order and direct that the said Wealthy Goodall, wife of Samuel Shepherd, of
Peacham, and Ivory H. Goodall, Jr., her child, do remove, with her family and
effects," etc., "and, on neglect," etc., "it is ordered that the said Wealthy and Ivory
H. Goodall, Jr., be removed and transported with her family and effects," etc., it was
*held* that the words "*her family*" mean the family of Wealthy Goodall, and, as Ivory
H. Goodall, Jr., is described as *her child*, the fair intendment and construction of the or-
der is that the said "Ivory H. Goodall, Jr., *her child*," was of *her family*, especially
no other person appears to whom the word "*family*" can apply.

MOTION to quash an order of removal.   Tried at the June term,
1868, STEELE, J., presiding.   Judgment, that the proceedings be
quashed.   Exceptions by the plaintiffs.

The order of removal is as follows:

"*To any constable of Danville in said county, and, for want of
such constable immediately to execute this precept, to any sheriff in
the state,*                                   GREETING:
"Whereas, at a court of examination held at Danville in the
county of Caledonia, on the 20th day of February, 1868, before
Andrew McMillan and Wm. H. Preston, two of the justices of the
peace within and for the county aforesaid, on the complaint of
Wm. J. Stanton, overseer of the poor in the town of Danville
in said county, against Wealthy Goodall, former wife of Samuel
Shepherd, late of Peacham, deceased, and Ivory H. Goodall, Jr.,
child of said Wealthy, late of Peacham, strangers, as by the com-
plaint on file appears; whereupon, after hearing the proofs and
allegations and examining the same, it is considered by the court

that the said Wealthy and Ivory H. Goodall, Jr., have come to reside in the town of Danville, and have not gained a legal settlement therein, and that the said Wealthy and Ivory H. Goodall, Jr., are chargeable to the said town of Danville when, in fact, the said Wealthy and Ivory H., Jr., belong and have their legal settlement in the town of Peacham, and that they ought, of right, to be removed to the said town of Peacham, agreeably to law; therefore the said court do order and direct that the said Wealthy Goodall, wife of Samuel Shepherd, of Peacham, and Ivory H. Goodall, Jr., her child, do remove, with her family and effects, to the said town of Peacham on or before the 21st day of February, 1868; and, on neglect or refusal to comply with this order, it is hereby further ordered by this court, that the said Wealthy and Ivory H. Goodall, Jr., be removed and transported with her family and effects, according to the statute in that case made and provided; as appears of record.

" Therefore, by the authority of the state of Vermont, you are hereby commanded that, unless the said Wealthy Goodall and Ivory H. Goodall, Jr., her child, comply with the order aforesaid, you cause the said Wealthy and Ivory H., Jr., to be removed and transported, with her family and effects, on the nearest and most convenient route, from the town of Danville to the town of Peacham, it being the place of the legal settlement of the said Wealthy and Ivory H., Jr., and lodged with the overseer of the poor of the town of Peacham aforesaid, and leave with him a copy of this warrant, with your doings thereon, duly attested."

The motion to quash is as follows:

" And now comes the town of Peacham, and moves that the order of removal in the case of Wealthy Goodall and Ivory H. Goodall, Jr., be quashed and for naught held, because the defendants say the said order of removal is double, and embraces in the same and one order of removal two persons, to wit, the said Wealthy Goodall and Ivory H. Goodall, Jr.; which was irregular and unlawful.

" Wherefore, inasmuch as the said order of removal embraces two persons, and not of the same family, but standing in different relations to the respective towns, all of which will appear from the records, the defendants move that the said order of removal and all the said proceedings be quashed and for naught held, and be dismissed, and for their costs."

*Bliss N. Davis*, for the plaintiffs.

*Mordecai Hale;* for the defendants.

The opinion of the court was delivered by

PECK, J. The motion to quash is based on an alleged defect apparent of record upon the face of the order. The motion alleges that the order embraces two persons, Wealthy Goodall and Ivory H. Goodall, Jr., and assumes that they are not of the same family, but stand in different relations to the respective towns. The effect of this motion must be determined by reference to the order. The order recites that it was made upon a complaint against Wealthy Goodall, former wife of Samuel Shepherd, late of Peacham, deceased, and Ivory H. Goodall, Jr., child of said Wealthy, etc., and, after stating that "said Wealthy and Ivory H. Goodall, Jr., have come to reside," etc., it proceeds : "Therefore the said court do order and direct that the said Wealthy Goodall, wife of Samuel Shepherd, of Peacham, and Ivory H. Goodall, Jr., her child, do remove, with her family and effects," etc., "and, on neglect," etc., "it is ordered that the said Wealthy and Ivory H. Goodall, Jr., be removed and transported with her family and effects," etc. The words "*her family*" mean the family of Wealthy Goodall, and, as Ivory H. Goodall, Jr., is described as *her child,* the fair intendment and construction of the order is that the said "Ivory H. Goodall, Jr., *her child,*" was of her family, especially as no other person appears to whom the word "*family*" can apply. On this construction, the objection made to the order of removal, is obviated. *Burlington* v. *Essex,* 19 Vt., 91, although not identical with this in the language of the order, fairly justifies this conclusion. In that case, it was stated in the order, that the justices considered that "Henry H. Messenger with his wife, Susannah H. Messenger, and his four children," had become chargeable, etc., that his legal settlement was in Essex, and that, "of right, he ought to be removed with his said wife and family ;" and it was ordered "*that the said Henry H. Messenger do remove, with his said wife, Susannah H. Messenger, and their four children, and effects,*" etc. It will be noticed that, in that case, the children are nowhere stated to be minors ; and in the conclusion, where the justices come to order the removal, the word *family* is not used. The court, in

that case, said they would intend that the children were minors subject to parental control, rather than that they were adults and emancipated. If in fact, in the case at bar, no such dependent relation exists between the said Wealthy and her child, as justifies the removal of both under one order, the defendant town might have presented the question by plea, upon which an issue could have been formed and the facts found. But the defendants not choosing to do this, the court ought not to apply the severest criticism against the order, but rather incline to a construction in favor of its validity, if the language will warrant it. *Derby* v. *Barre*, 38 Vt., 276, is relied on by the defendants' counsel in support of the motion to quash. But that case differs from this. That order was for the removal of " *Nancy Webb and Sarah A. Webb, her daughter.*" In the case at bar, Ivory H. Goodall, Jr., is described as the *child* of said Wealthy ; *child* being an appellation more commonly used to denote the young rather than adults, while as to the word *daughter* it is not so. But a more decisive difference in the two cases is that, in that case, Sarah A. Webb was nowhere described in the order otherwise than as the *daughter* of Nancy Webb. The word *family* was not mentioned in the order at all, and nowhere in the proceedings except in the complaint of the overseer, in which, it is true, Sarah A. Webb was described as the daughter and as of the family of Nancy Webb. Sustaining the validity of the order in the case at bar, does not conflict with the decision in *Derby* v. *Barre*.

Judgment reversed, motion to quash overruled, defendants to answer over, and case remanded.